CASE No. 948.

STATE v. JONES.

An indictment will lie at common law for forcible entry and detainer.

Before MACKEY, J., Abbeville, October, 1880.

This was an indictment for forcible entry and detainer at common law against W. T. Jones and J. W. Ware. Defendants moved to quash the indictment on the ground that there is no such offence in this state; and after a verdict of guilty, they moved in arrest of judgment upon the same ground. Both motions were overruled and the defendants were sentenced. They appealed, alleging error in the Circuit judge in refusing their motions.

*Mr. E. B. Gary,* for appellants.

*Mr. Solicitor Cothran,* contra.

December 7th, 1880. The opinion of the court was delivered by

McIVER, A. J. In this case the defendants were convicted of forcible entry and detainer under an indictment *at common law,* and the only question raised by this appeal is, whether such an indictment can be maintained. In a leading case upon the subject of forcible entry and detainer, (*State* v. *Speirin,* 1 *Brev.* 123,) the court uses this language: "An indictment at common law lies for a forcible entry, because it tends to disturb the peace, and in such an indictment it is not necessary to allege that the party trespassed upon had any estate in the land, but only that he was in quiet possession thereof." Citing 3 *Burr.* 1698, 1731; 8 *T. R.* 357. It is true that the language just quoted is a mere *dictum,* inasmuch as the indictment in that case was under the statute, and not at common law, yet, as we shall presently see,

this *dictum* has the support of high authority; for while the cases cited from Burrows' Reports do not distinctly decide the point in question, though in one of them, (*Rex* v. *Bake*, 3 *Burr.* 1732,) Mr. Justice Wilmot does say : "No doubt an indictment will lie at common law for a forcible entry, though they are generally brought on the acts of parliament. On the acts of parliament it is necessary to state the nature of the estate, because there must be restitution, but they *may* be brought at common law," yet in the case of *The King* v. *Wilson*, 8 *T. R.* 357, the question was distinctly made, and it was held that an indictment at common law for this offence could be maintained. In that case Lord Kenyon, C. J., says : "There is no doubt but that the offence of forcible entry is indictable at common law, though the statutes give other remedies to the parties grieved— restitution and damages." Indeed, an examination of the various cases referred to in the above-cited cases will show that there never was any doubt entertained that an indictment at common law for this offence will lie; but that the only question was as to the allegations necessary to be made in such an indictment. In the case now before the court no exception seems to have been taken to the form of the indictment, as no copy of the indictment has been incorporated in the case, and, as we understand it, the naked question presented is, whether an indictment for forcible entry at common law in *any* form will lie. In 1 *Russ. on Crimes* 304, it is said : "It is clear that in many cases an indictment will lie at common law for forcible entry if it contain not merely the common technical words 'with force and arms,' but also such a statement as shows that the facts charged amount to more than a bare trespass," as for example, where the entry is charged to have been made "unlawfully and with a strong hand," as was done in the case of *The King* v. *Wilson, supra.*

From this brief review of the authorities it is clear that even after the passage of the various statutes giving additional remedies in cases of forcible entry and detainer, an indictment at common law for this offence would lie, provided it contained the necessary allegations.

Under this view the question raised in the argument here as to whether the repeal of the various statutes in regard to this

offence, which are referred to in the case of *State* v. *Speirin, supra,* by *ch. CXLVI., Gen. Stat.* 778, restores the remedy by indictment previously existing at common law, does not properly arise and need not, therefore, be considered, inasmuch as the offence, as we have seen, continued to be indictable at common law, even while those statutes were undoubtedly in full force.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.